# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID RUELAS-CARBAJAL,<br><br>    Defendant. | 8:16CR360<br><br>MEMORANDUM<br>AND ORDER |

A jury convicted defendant David Ruelas-Carbajal ("Ruelas-Carbajal") of one count of conspiring to distribute and possess with intent to distribute methamphetamine and one count of distributing methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. The Court sentenced Ruelas-Carbajal to concurrent terms of 151 months in prison, followed by three years of supervised release. Ruelas-Carbajal appealed, and the Eighth Circuit affirmed. *See United States v. Ruelas-Carbajal*, 933 F.3d 928, 932 (8th Cir. 2019).

Attorney Thomas Campbell ("Campbell") represented Ruelas-Carbajal at trial and on appeal. Now before the Court is Campbell's Motion to Withdraw (Filing No. 102) as Ruelas-Carbajal's counsel of record. In support of his motion, Campbell "states that irreconcilable differences have arisen between counsel and [Ruelas-Carbajal] that effectively prohibit [him] from effectively representing [Ruelas-Carbajal] in the above captioned matter."

Also pending before the Court is a one-page document (Filing No. 101) Ruelas-Carbajal submitted to the Eighth Circuit. Construing the document "as a motion to re-open and/or a motion for reduction in sentence," the Eighth Circuit sent it to the Clerk of this Court to be filed. In it, Ruelas-Carbajal requests a reduction in his sentence and briefly mentions what he sees as errors in his "case and [his] evidence" such as "pictures, statements, and conversations" that were not produced. He does not specify any legal basis for his requested relief.

Taking Campbell's motion to withdraw first, the Court finds good cause to grant it. In addition to the "irreconcilable differences" reported by Campbell, Ruelas-Carbajal's motion conceivably raises claims of ineffective assistance of counsel against Campbell.

Turning to Ruelas-Carbajal's untitled motion, his intent is not entirely clear from his brief submission, but it appears Ruelas-Carbajal's vague reference to errors in his case and his general request for a sentence reduction could fall within the scope of 28 U.S.C. § 2255. *See United States v. Carrillo-Castellon*, No. 4:11CR3086, 2012 WL 4753377, at *1 (D. Neb. Oct. 4, 2012) ("Any motion that is filed in the district court that imposed the sentence, and is substantively within the scope of § 2255(a) '*is* a motion under § 2255, no matter what title the prisoner plasters on the cover.'" (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004))). Under § 2255(a), a federal prisoner who claims

> the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Given the nature of Ruelas-Carbajal's request for relief, the Court will, unless and until Ruelas-Carbajal says otherwise, construe his filing as a motion to vacate, set aside, or correct his sentence under § 2255. This does not mean that Ruelas-Carbajal has raised valid grounds for relief under § 2255 or that his motion is timely and procedurally sound. At this point, the Court expresses no opinion on those issues or the merits of Ruelas-Carbajal's request for sentencing relief.

Before deciding Ruelas-Carbajal's motion, the Court must warn him "of the consequences of treating his motion as one brought under § 2255 and give him an opportunity to avoid these consequences." *Id.* (citing *Castro v. United States*, 540 U.S. 375, 382-83 (2003)). Chief Judge John Gerrard has concisely set forth the proper procedure to follow in these circumstances. *See id.*

To begin, the Court must warn Ruelas-Carbajal that federal law substantially limits the filing of a "second or successive" § 2255 motion.[1] Accordingly, Ruelas-Carbajal must make sure he includes all "his claims for post-conviction relief in a single motion." *Carrillo-Castellon*, 2012 WL 4753377, at *2. If Ruelas-Carbajal has more to say than he has said in his one-page submission to the Court or "has additional grounds for relief" to assert, "he should consider withdrawing his current motion, or seeking leave to amend it." *Id.* Failing to do so risks forfeiting those arguments or claims for relief.

The Court further must warn Ruelas-Carbajal that § 2255 motions are subject to a one-year statute of limitation. *See* 28 U.S.C. § 2255(f) (explaining when the limitation period begins to run). Ruelas-Carbajal must take care to ensure that any motion he files under § 2255 is timely or it may be barred.

With those warnings in mind, the Court will allow Ruelas-Carbajal to amend or withdraw his present motion. That leaves him three basic options.

First, Ruelas-Carbajal can *withdraw* his current motion by notifying the Court in writing on or before March 20, 2020. If he withdraws his motion, he may assert a new § 2255 motion as long as he does so within the applicable one-year limitation period discussed above. *See id.* § 2255(f). If Ruelas-Carbajal decides to file a new § 2255 motion, he should use the appropriate form. The Clerk of Court will provide him a copy of the form for filing a § 2255 motion.

---

[1]Section 2255(h) requires that an Eighth Circuit panel certify under 28 U.S.C. § 2244 that a "second or successive" § 2255 motion contain either

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Second, Ruelas-Carbajal can *amend* his current, one-page motion to provide additional information to support his existing request for relief or add any new claims or arguments he may have. If Ruelas-Carbajal chooses to amend his existing § 2255 motion, he must submit an amended motion on or before March 20, 2020. He can amend his motion by changing or supplementing his current submission, by using the § 2255 motion form provided by the Clerk, or both.

Finally, Ruelas-Carbajal can *notify* the Court by March 20, 2020, that he wants it to rule on his current motion *as submitted*. If Ruelas-Carbajal does not advise the Court of his choice or otherwise respond to this Memorandum and Order by that date, the Court will (1) construe Ruelas-Carbajal's silence as his consent to have his motion treated as a § 2255 motion and (2) decide the motion as currently submitted.

Based on the foregoing,

IT IS ORDERED:
1. Attorney Thomas Campbell's Motion to Withdraw (Filing No. 102) is granted.
2. On or before March 20, 2020, Ruelas-Carbajal shall either (a) *withdraw* his current motion; (b) *amend* his current motion; or (c) *notify* the Court he wants the Court to rule on his current motion *as submitted*.
3. If Ruelas-Carbajal does not notify the Court of his choice, he will be deemed to have consented to having the Court treat his motion as a § 2255 motion and rule on his request for post-conviction relief as is.
4. The Clerk of Court is directed to send a copy of this Memorandum and Order and a copy of the proper form for filing a § 2255 motion to Ruelas-Carbajal at his address of record.

Dated this 14th day of February 2020.

BY THE COURT:

*Robert F. Rossiter, Jr.* (signature)

Robert F. Rossiter, Jr.
United States District Judge