IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR360 |
| v. | |
| DAVID RUELAS-CARBAJAL, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant David Ruelas-Carbajal's ("Ruelas-Carbajal") pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 104), which the Court reads as amending his previous motion to reduce his sentence (Filing No. 101). For the reasons stated below, Ruelas-Carbajal's request for relief is denied without an evidentiary hearing.

**I.   BACKGROUND**

After a four-day trial, a jury found (Filing No. 64) Ruelas-Carbajal guilty of one count of conspiring to distribute and possess with intent to distribute methamphetamine and one count of distributing methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. The jury found him not guilty of a second distribution charge. On June 22, 2018, the Court sentenced Ruelas-Carbajal to concurrent terms of 151 months in prison on each count of conviction. Ruelas-Carbajal appealed his conviction and sentence, and the Eighth Circuit affirmed. *See United States v. Ruelas-Carbajal*, 933 F.3d 928, 932 (8th Cir. 2019).

On January 29, 2020, Ruelas-Carbajal submitted a one-page document (Filing No. 101) alleging errors in his case and requesting a reduction in his sentence. Construing Ruelas-Carbajal's submission "as a motion to vacate, set aside, or correct his sentence under § 2255," the Court granted him leave (Filing No. 103) to withdraw, amend, or stand on his motion. On the Court's instruction, the Clerk of Court provided Ruelas-Carbajal with the proper form for filing a § 2255 motion. On March 9, 2020, Ruelas-Carbajal timely

submitted a partially completed motion form and a memorandum in support (Filing No. 104). The Court reads his second motion as amending the first and considers them together.

## II. DISCUSSION

### A. Ineffective Assistance of Counsel

Between his two submissions, Ruelas-Carbajal raises two specific ineffective-assistance-of-counsel claims under *Strickland v. Washington*, 466 U.S. 668, 694 (1984).[1] The first asserts Ruelas-Carbajal's trial counsel, Thomas Campbell ("Campbell"), failed to present exculpatory evidence at trial. The second faults Campbell for failing to impeach government witness Gumaro Cuevaz ("Cuevaz").

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires the Court to initially review Ruelas-Carbajal's ineffective-assistance claims. "If it plainly appears from [his] motion, any attached exhibits, and the record of prior proceedings that [Ruelas-Carbajal] is not entitled to relief, the [Court] must dismiss [his] motion and direct the clerk to notify" him of the dismissal. The Court generally must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A hearing is unnecessary "if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory." *Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000). No hearing is required here.

---

[1] Ruelas-Carbajal also generally alleges "[c]umulative issues led to Ineffective Assistance of Counsel." But the Eighth Circuit has decided courts need not "bundle the individual claims of attorney error and determine whether the body of these alleged faults, en masse, overcome *Strickland's* presumption of reasonableness" because "the *Strickland* standard [does not] demand [any] sort of cumulative performance inquiry." *Forrest v. Steele*, 764 F.3d 848, 860 (8th Cir. 2014) (citing *Wainwright v. Lockhart*, 80 F.3d 1226, 1233 (8th Cir. 1996) ("Errors that are not unconstitutional individually cannot be added together to create a constitutional violation. Neither cumulative effect of trial errors nor cumulative effect of attorney errors are grounds for habeas relief.")).

As noted above, Ruelas-Carbajal alleges Campbell provided ineffective assistance in his defense at trial. Ruelas-Carbajal's burden of "establish[ing] ineffective assistance of counsel" is a heavy one. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). To succeed, he must prove not only that Campbell's "performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney," but also that his "deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008).

"Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment," *Bucklew v. Luebbers*, 436 F.3d 1010, 1016 (8th Cir. 2006), and making "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time," *Strickland*, 466 U.S. at 689. Campbell's performance is deficient only if he "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

*Strickland*'s prejudice prong "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). "It is not enough for [Ruelas-Carbajal] to show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. To show prejudice, he must demonstrate "a reasonable probability that, but for [Campbell's] unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. That is, that Ruelas-Carbajal "would have been found not guilty" of the charges against him. *United States v. Robinson*, 301 F.3d 923, 925 (8th Cir. 2002).

Here, Ruelas-Carbajal shows neither deficiency nor prejudice. His first ineffective-assistance claim is based on Campbell's purported failure to follow up on information Ruelas-Carbajal gave him about a digital photograph of Ruelas-Carbajal taken by his

nephew at school. According to Ruelas-Carbajal, the photograph's metadata "would have substantiated the location where [he] was in the photograph and the time [he] was there." Ruelas-Carbajal asserts it "stand[s] to reason an individual cannot be in two locations at the same time."

But Ruelas-Carbajal fails to adequately explain how the photograph in question relates to the pertinent issues in his case or how it would have changed the outcome of his trial. *See*, *e.g.*, *Ford v. United States*, 917 F.3d 1015, 1022 (8th Cir. 2019) ("Failure to discover a particular piece of marginally helpful information does not render legal representation constitutionally deficient."). He does not even state the date and time the photograph purportedly depicts or whether it relates to his conviction for conspiracy (Count I) or for distribution on July 31, 2015 (Count III).[2] To the extent the photograph relates to Count I, it is hard to say one photograph would change the outcome when the government presented evidence at trial that the charged conspiracy spanned more than two years.

If the photograph in question relates to Count III, the Court fails to see the alleged importance of the metadata. Ruelas-Carbajal took the stand in his own defense and admitted the police photographed him with Quiroz in front of his house that day. Ruelas-Carbajal did not deny he was there in the street and met with Quiroz. Rather, he denied Quiroz's testimony that Ruelas-Carbajal sold him drugs, instead maintaining their documented interaction that day was about a car Ruelas-Carbajal had for sale.

In short, Ruelas-Carbajal has not shown Campbell's failure to obtain the photograph and admit the metadata was so serious an error that Campbell "was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," let alone that presenting that evidence would have led to Ruelas-Carbajal's acquittal. *Strickland*, 466 U.S. at 687, 694.

---

[2] Any alleged impact of failing to produce the photograph and metadata at trial with respect to Count II falls short because the jury found Ruelas-Carbajal not guilty of that count. And Ruelas-Carbajal does not mention, and the Court does not see, any potential material impact on his sentence.

This is particularly true given the overwhelming evidence against him, including surveillance photographs, an audio recording of Ruelas-Carbajal making incriminating statements, and testimony from two cooperating witnesses who testified at length about their documented interactions with him. *See*, *e.g.*, *Tokar v. Bowersox*, 198 F.3d 1039, 1049 (8th Cir. 1999) (finding no reasonable probability of a different outcome in light of the "overwhelming evidence against [the defendant] in the form of testimony by both the victim's young son and by [the defendant's] accomplice/girlfriend . . . which clearly placed" the defendant at the scene of the crime). "[T]here is no prejudice if, factoring in the [omitted evidence], the government's case remains overwhelming." *McCauley-Bey v. Delo*, 97 F.3d 1104, 1106 (8th Cir. 1996).

The result is the same with respect to Ruelas-Carbajal's second claim—that Campbell was unconstitutionally ineffective in failing to impeach Cuevaz with information Ruelas-Carbajal provided about Cuevaz's failure to deliver a vehicle to Guadalajara, Jalisco, Mexico as promised despite Ruelas-Carbajal having paid him. *See*, *e.g.*, *Ford*, 917 F.3d at 1023-24 (noting matters of trial strategy like impeachment decisions and cross-examination techniques generally fall within counsel's professional discretion). Though perhaps not exactly how Ruelas-Carbajal may have wanted, Campbell did cross-examine Cuevaz about the vehicle in question and the price Ruelas-Carbajal said he paid. Cuevaz denied selling him the vehicle, explaining he only offered the vehicle to get Ruelas-Carbajal to reveal his drug source.

In addition, Campbell and the government both addressed the subject in detail when Ruelas-Carbajal took the stand. Ruelas-Carbajal identified Cuevaz as a "bad person" and a "big-time criminal" before testifying Cuevaz sold him a vehicle for $16,800 but took it back from Ruelas-Carbajal's sister in Mexico after he had the money. When Campbell asked about the police report Ruelas-Carbajal filed, Ruelas-Carbajal testified Cuevaz went to the police and lied about Ruelas-Carbajal being a drug dealer. Ruelas-Carbajal said Cuevaz later threatened to kill Ruelas-Carbajal over the dispute and harm his family in Mexico. Further testimony about the vehicle would have been cumulative at best. *See*

*United States v. Watkins*, 486 F.3d 458, 466 (8th Cir. 2007) (noting the limited value of cumulative impeachment and the difficulty of showing prejudice based on the failure to ask specific questions on cross-examination), *judgment vacated on other grounds*, 552 U.S. 1091 (2008).

Campbell also challenged Cuevaz's credibility in other ways, questioning his memory and his motive to lie. *See Guzman-Ortiz v. United States*, 849 F.3d 708, 714 (8th Cir. 2017) ("Attacking a witness's credibility and motives are reasonable cross-examination strategies."). He highlighted some holes and inconsistencies in Cuevaz's testimony and even got him to admit he was testifying to get less prison time in his own criminal case. *See Ford*, 917 F.3d at 1024 (explaining any "alleged missteps on cross-examination" must be weighed against any successes).

The Court is again unable to say Campbell's impeachment of Cuevaz was objectively unreasonable or that Ruelas-Carbajal's trial was "fundamentally unfair." *Lockhart*, 506 U.S. at 372; *see also Strickland*, 466 U.S. at 686 ("The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.").

### B. No Certificate of Appealability

Before Ruelas-Carbajal can appeal the Court's adverse ruling on his § 2255 motion, he must have a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). But the Court cannot issue such a certificate unless Ruelas-Carbajal "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do that, he must demonstrate that a "reasonable jurist" would find this Court's rulings on his ineffective-assistance "claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Ruelas-Carbajal has not made the required showing, the Court will not issue a certificate of appealability.

**III. CONCLUSION**

The Court's initial review of Ruelas-Carbajal's § 2255 "motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly,

IT IS ORDERED:

1. David Ruelas-Carbajal's pro se motion pursuant to 28 U.S.C. § 2255 (Filing No. 101), as amended (Filing No. 104), is denied.
2. The Court will not issue a certificate of appealability in this case.
3. A separate judgment will be entered.
4. The Clerk of the Court shall mail a copy of this Memorandum and Order and the Judgment to Ruelas-Carbajal at his address of record.

Dated this 24th day of April 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge