IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16CR360 |
| v. | |
| DAVID RUELAS-CARBAJAL, | MEMORANDUM AND ORDER |
| Defendant. | |

    This matter is before the Court on two motions (Filing Nos. 112 and 113) filed pro se by defendant David Ruelas-Carbajal ("Ruelas-Carbajal") requesting that the Court "relieve" him of the sentence he received after a jury found him guilty of conspiring to distribute and possess with intent to distribute methamphetamine and one count of distributing methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. Ruelas-Carbajal states that when he was sentenced, the government "asked for two more points . . . when they were not necessary as his sentence was already more than enough." He asks the Court "to relieve him of two more unnecessary years."

    Ruelas-Carbajal's motions have all the earmarks of a motion to correct his sentence under 28 U.S.C. § 2255. *See, e.g.*, *United States v. Fine*, 982 F.3d 1117, 1118 (8th Cir. 2020) ("[A] post-judgment motion that fits the description of a motion to vacate, set aside, or correct a sentence should be treated as a § 2255 motion."). That is a problem for Ruelas-Carbajal because he already filed a § 2255 motion, which the Court denied on the merits on April 4, 2020.

    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally bars federal prisoners from filing "second or successive § 2255 motions." *Jones v. Hendrix*, 599 U.S. ___, ___, 143 S. Ct. 1857, 1863 (2023) (discussing the "only two . . . conditions in which a second or successive § 2255 motion may proceed" under 28 U.S.C. § 2255(h)). Under AEDPA, a prisoner like Ruelas-Carbajal must obtain authorization from

the Eighth Circuit "to file a 'second or successive' § 2255 motion." *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (quoting 28 U.S.C. § 2255(h)); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Because he has not sought the requisite certification from the Eighth Circuit, Ruelas-Carbajal's motions must be denied. *See* 28 U.S.C. § 2255(h); *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018) (noting a prisoner cannot evade the requisite certification process by filing a second or "successive § 2255 motion in the district court" (quoting *Boykin v. United States*, 242 F.3d 373 (per curiam) (unpublished table decision), No. 99-3369, 2000 WL 1610732 at *1 (8th Cir. 2000))).

The Court has also carefully considered whether Ruelas-Carbajal qualifies for a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (requiring an applicant for relief to make "a substantial showing of the denial of a constitutional right"); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (per curiam) ("A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief."). The Court concludes he does not. *See, e.g.*, *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In light of the foregoing,

IT IS ORDERED:
1. Defendant David Ruelas-Carbajal's two pro se motions pursuant to 28 U.S.C. § 2255 (Filing Nos. 112 and 113) are denied without prejudice.
2. No certificate of appealability will issue.
3. The Clerk of the Court shall mail a copy of this Memorandum and Order and the Judgment to Ruelas-Carbajal at his address of record.

Dated this 18th day of August 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge